IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-120-D(2)

| | |
|---|---|
| REGINALD M. FOUNTAIN, JR., ) <br> d/b/a Eastbrook Apartments, LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> FARMERS INSURANCE EXCHANGE ) <br> and MARYLAND CASUALTY ) <br> COMPANY, a Maryland corporation, ) <br> ) <br> Defendants. ) | ORDER |

This matter is before the court on the following motions:

1. Defendants' Motion to Quash [DE #24];

2. Defendant Maryland Casualty Company's Motion for Protective Order [DE #26];

3. Plaintiff's Motion to Compel Discovery Responses [DE #32]; and

4. Defendants' Motion for a Protective Order and to Enforce Confidentiality Agreement [DE #48].

The parties have fully briefed the issues, and a hearing was held on September 19, 2014, at which time the court heard the arguments of counsel.

## BACKGROUND

Following Hurricane Irene in August 2011, Plaintiff filed an insurance claim for damages to commercial property covered under his policy with Defendant Maryland Casualty Company. Following resolution of Plaintiff's claim, Plaintiff filed this action in state court asserting claims for unfair claims handling and bad

faith adjustment of Plaintiff's claim. Defendants subsequently removed the action to this court.

A. <u>Motion to Quash</u>

This motion concerns two subpoenas *duces tecum* served on a third party, Madsen, Kneppers and Associates, Inc. At the hearing of this matter, the parties agreed that the third party had since produced the documents subpoenaed. Accordingly, Defendant's Motion to Quash [DE #24] is DISMISSED as moot.

B. <u>Motion for Protective Order</u>

In this motion, Defendants Maryland Casualty Company requests a protective order with respect to Rule 30(b)(6) deposition notices served by Plaintiff. Maryland Casualty argues that the individuals designated are not competent to address all areas set forth in the deposition notices, that the notices require them to attend the deposition away from their principal place of business and that the areas of inquiry do not describe with reasonable particularity the matters for examination. Maryland Casulaty further complains that the notices did not provide it with thirty days to produce the documents requested in the notices.

At the hearing of this matter, the parties advised the court that the Rule 30(b)(6) depositions were conducted, although the deponents did not bring with them the documents requested in the notices. As a consequence, Plaintiff contends that he is in need of additional time to depose the individuals. Defendant's Motion for Protective Order [DE #26] is, therefore, DISMISSED as moot.

C.  Motion to Compel & Motion for Protective Order

Plaintiff moves to compel further responses to a number of interrogatories and document production requests made by Plaintiff. Defendants raise a number of objections to the information sought, including that much of the information is confidential business information. Although the parties previously entered into a confidentiality agreement concerning the disclosure and use of certain information during mediation, the parties are not in agreement concerning the existence of a confidentiality agreement or the applicability of confidentiality as to certain information. Plaintiff, for example, argues that much of the information for which Defendants seek protection is not proprietary or confidential business information and further that Defendants have waived any right to assert the confidentiality of certain information by filing it with the court.

Having carefully considered the parties' arguments concerning Plaintiff's motion, the court finds that a temporary, non-prejudicial protective order is warranted in this matter. On September 22, 2014, Plaintiff filed a notice of his objections to the protective order proposed by Defendants. The parties shall confer concerning Plaintiff's objections to the proposed protective order and, on or before November 17, 2014, submit a joint proposed protective order for the court's consideration.

No later than two weeks after the court's entry of a protective order, Defendants shall review their responses to those interrogatories and production requests that are the subject of Plaintiff's motion to compel and make such further

3

or supplemental response as may be appropriate. With regard to any discovery requests to which Defendants assert there are no responsive documents or all responsive documents have previously been produced, Defendants shall respond by so stating. Additionally, if in response to any discovery requests related to interrogatories #21 and #24, Defendants object on the basis that disclosure of the requested information would be unduly burdensome or expensive, Defendants shall provide the court with an affidavit or declaration from an appropriate official within Defendants' information technology department explaining the burden or expense involved.

This 7th day of November 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

4

Case 4:13-cv-00120-D   Document 104   Filed 11/10/14   Page 4 of 4