IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-120-D(2)

| | | |
|---|---|---|
| REGINALD M. FOUNTAIN, JR., d/b/a Eastbrook Apartments, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FARMERS INSURANCE EXCHANGE and MARYLAND CASUALTY COMPANY, a Maryland corporation, | ) ) ) ) ) | **ORDER** |
| Defendants. | ) | |

This matter is before the court on the following motions:

1. Plaintiff's Motion to Compel Discovery Responses [DE #32];

2. Defendants' Motion for a Protective Order from Plaintiff's Request for Additional Depositions [DE #52];

3. Plaintiff's Motion to Compel (re: Plaintiff's Multiple Discovery Requests) [DE #73 and #110];

4. Plaintiff's Motion to Extend Discovery [DE #75];

5. Defendants' Motion for a Protective Order from Rule 30(b)(6) Deposition Notices Regarding Responses to Requests for Admission [DE #81];

6. Plaintiff's Motion to Compel Defendant to Provide Better Responses to First Request for Admissions [DE #89]; and

7. Defendants' Motion to Extend Expert Disclosures and Subsequent Deadlines Pending Ruling on Pending Discovery Motions [DE #106].

The parties have fully briefed the issues. A hearing was held on December 1, 2014, at which the court heard the arguments of counsel and announced its rulings on the aforesaid motions. For the reasons stated in open court, which are incorporated herein by reference, the court enters the orders set forth herein.

## BACKGROUND

Following Hurricane Irene in August 2011, Plaintiff filed an insurance claim for damages to commercial property covered under his policy with Defendant Maryland Casualty Company ("Maryland Casualty"). Following resolution of Plaintiff's claim, Plaintiff filed this action in state court asserting claims for unfair claims handling and bad faith adjustment of Plaintiff's claim. Defendants subsequently removed the action to this court.

## DISCUSSION

A.  Plaintiff's Motion to Compel [DE #32]

This motion was previously the subject of a hearing held on September 19, 2014. As a result of that hearing, the court entered a temporary, non-prejudicial protective order and ordered Defendants to review their discovery responses and to make such further or supplemental response as may be appropriate. (*See* Order at DE #104.) Defendants have since made additional disclosures, but Plaintiff seeks to compel further response to the following requests contained in Plaintiff's First Request for Production of Documents: #35 (seeking Maryland Casualty's "claims files relating to every reported hurricane in the State of North Carolina" from 2011 through 2012); #36 (for certain personnel records and information concerning

2

"claims' handling personnel, adjusters and supervisors involved with [Plaintiff's] claim"); and #37 (requesting copies of personnel or Human Resources manuals for Maryland Casualty's "first party real property and/or hurricane claims' handling personnel, adjusters and supervisors for the State of North Carolina from 2009 through 2012").

With respect to this motion, the court hereby ORDERS Defendants to produce the following to Plaintiff within twenty-one (21) days:

    1. With regard to request #35, Defendants shall provide claims summaries or such other documentation indicating the following as to each commercial hurricane catastrophe claim made from 2011 through 2012:

        a. Date of loss;

        b. The amount claimed, if applicable;

        c. The amount(s) and date(s) of any payments made on the claim;

        d. How the claim was resolved (*e.g.*, settlement, litigation);

        e. Whether any experts were retained to assist in resolution of the claim; and

        f. The loss ratio, if tracked by Defendants.

    2. In response to request #36, Defendants shall produce documentation of the following information with respect to Nathaniel Brown ("Brown") and Ryan Sprecker ("Sprecker"):

        a. Job description(s) from 2009-2012;

        b. Any applications of employment from 2009-2012;

        c. History of salary and promotions/demotions from 2009-2012;

  d. A list of educational courses taken by each from 2009-2012, if such information is maintained by Defendants;

  Defendants shall further submit to the court for *in camera review* the following documentation concerning Nathaniel Brown and Ryan Sprecker:

  a. Annual performance evaluations from 2009-2012; and

  b. Any letters of commendation or complaint.

  3. As to request #37, Defendants shall produce any provisions concerning the following matters contained in Human Resources Manuals from 2009 to 2012 as may be applicable to commercial property claims adjusters and supervisors:

  a. Job descriptions;

  b. Salary grade classifications;

  c. Criteria for promotion/demotion;

  d. Performance evaluations and activity review;

  e. Performance-based compensation plans;

  f. Incentive programs and retirement funds; and

  g. Profit-sharing and stock ownership.

**B. Motion for Protective Order [DE #52]**

Given the additional disclosures made and to be made by Defendants since the Rule 30(b)(6) depositions previously held in this matter, the court determines that Plaintiff should be allowed to conduct additional Rule 30(b)(6) depositions concerning the following topics:

  1. Claims manuals and guidelines for commercial property claims in North Carolina for Maryland Casualty from 2010-2013 and for Farmers Insurance Exchange ("Farmers") for the years 2010-2012;

2. Personnel matters, payment, salary, and performance reviews for Brown and Sprecker, as well as Defendants' employment practices and procedures concerning the salary and performance evaluations of North Carolina personnel involved in commercial property claims;

3. Training manuals and materials for commercial property claims in North Carolina for Maryland Casualty from 2010-2013 and for Farmers for the years 2010-2012;

4. Employee handbooks for commercial property claims in North Carolina for Maryland Casualty from 2010-2013 and for Farmers from 2010-2012;

5. Defendants' financial stability and assets/liabilities;

6. Farmers' preferred vendor lists from 2010-2012;

7. Agreements authorizing Farmers to adjust/pay Plaintiff's claim; and

8. Any documents or information the production of which is ordered herein.

Prior to noticing any Rule 30(b)(6) depositions in this matter, Plaintiff shall provide Defendants with notice of the particular topics to be addressed. As soon as practicable and in no event later than two weeks prior to the deposition, Defendants shall identify the names of the deponents and the topics upon which each will be testifying as a Rule 30(b)(6) designee. If no more than four deponents are named, Plaintiff shall be limited to eight hours in the aggregate for direct examination of all Rule 30(b)(6) deponents and a total of two hours for redirect/rebuttal. Should more than four deponents be named, the parties shall confer in an attempt to reach an agreement concerning a reasonable duration for the depositions.

5

C.  Motion to Compel [DE #73 & 110]

   1.  Second and Third Requests for Production

At the hearing of this matter, Plaintiff withdrew his motion to compel further responses to his Second Requests for Production of Documents and his Third Requests for Production of Documents in light of additional disclosures that have since been made by Defendants. Accordingly, this part of Plaintiff's motion to compel is dismissed as moot.

   2.  Fourth Request for Production

As to Plaintiff's Fourth Request for Production of Documents, Plaintiff seeks to compel further response to requests #8 (regarding consumer complaints) and #9 (concerning Farmers' net worth). Defendants maintain that they have complied with request #8 by providing Plaintiff with a copy of commercial property complaints filed with the North Carolina Commissioner of Insurance from 2009-2013. Nevertheless, Defendants have agreed to produce any log or report that may be maintained by Maryland Casualty or Farmers concerning complaints made by consumers with respect to commercial property claims. Additionally, Defendants agreed to produce documentation of Farmers' net worth upon the parties' agreement that such information shall be subject to the protective order entered by this court on November 19, 2014 [DE #109]. Accordingly, the court orders production of such material.

6

3. Fifth Request for Production

In lieu of any further written response to requests #6-14, the parties have agreed that Plaintiff should be permitted to depose affiants Christopher Shawn Carder and Lance Fuller (*see* Affidavits at DE #46-7, #46-8) in their respective states of residence. The depositions of these individuals shall be limited to the contents of their respective affidavits, any testimony provided at the deposition, and any follow-up questions responsive to their testimony. Plaintiff shall be permitted four hours for each deposition, which shall include any redirect/rebuttal time; provided, however, that if Defendants' cross-examination of a deponent shall exceed one hour, then Plaintiff shall be given one-half of the time exceeding one hour, in addition to any time reserved for redirect/rebuttal.

Plaintiff's motion to compel Defendants to respond to requests #15 and #16 is denied.

4. Sixth Request for Production

Prior to the hearing in this matter, Plaintiff withdrew his motion as to requests #16-20 (*see* Jt. Status Rep. [DE #112] at 6) but seeks to compel further responses to requests # 1-15 of his Sixth Request for Production. As to these requests, the court orders as follows:

    a.    #1 – Plaintiff withdrew this request at the hearing;

    b.    #2 (customer surveys) – the court denies Plaintiff's request;

7

c. #3-7 (audits) – Defendants shall produce, within twenty-one days, any Quality Assurance or SCR Team audits of claims adjusted by Brown or Sprecker from 2010-2012.

d. #8-9 (caseload or performance) – Defendants shall produce, within twenty-one days, any reports or tracking documents concerning the caseload or performance of Brown or Sprecker from 2010-2012.[1]

e. #10-12 – Plaintiff's motion as to these requests is deemed moot in light of the court's ruling herein ordering an *in camera* inspection of certain personnel records.

f. #13-15 (reports of litigation) – Plaintiff's request for this information is denied in light of defense counsel's representations that the only type of cases tracked by Defendants responsive to this request are bad faith claims and there have been no bad faith claims filed from 2010-2012.

### D. Motion for Protective Order from Rule 30(b)(6) Depositions [DE #81]

In this motion, Defendants seek to prevent Plaintiff from conducting Rule 30(b)(6) depositions of Maryland Casualty and Zurich American Insurance Company, notice of which was made in response to Defendants' answers to requests for admission propounded by Plaintiff. Defendants' motion is dismissed as moot in light of the court's ruling with respect to the Motion for Protective Order at DE #52.

---

[1] As to Sprecker, this applies only to any caseload carried separately by Sprecker and shall not be construed to require the production of any reports or tracking documents concerning caseloads of other employees supervised by Sprecker.

8

E.  Motion to Compel [DE #89]

At the hearing of this matter, Plaintiff withdrew his objections to Defendants' responses to his First Requests for Admissions. Accordingly, this motion is dismissed as moot.

F.  Scheduling Matters

The discovery deadline previously set in this case has passed. However, given the discovery recently made in this case, as well as the disclosures ordered herein, the court orders that the discovery deadlines be extended for a reasonable period of time in order to allow the parties sufficient time to provide and review any additional discovery, to conduct the depositions authorized herein, to give the parties' experts time to review any relevant materials prior to completion of their expert reports, and for completing expert depositions. With the exception of expert discovery and the discovery authorized herein, no further discovery shall be propounded by either party without leave of court.

In order to assist the court in entering a new scheduling order, the parties shall confer in person or by telephone and submit to the court, on or before January 5, 2015, a proposed amended Rule 26 discovery plan for the court's consideration. Plaintiff's motion to extend discovery [DE #75] and Defendants' motion to extend expert disclosures and subsequent deadlines [DE #106] are granted in part, denied in part, and dismissed as moot in part.

## CONCLUSION

The court hereby orders as follows:

1. Plaintiff's Motion to Compel Discovery Responses [DE #32] is GRANTED IN PART and DENIED IN PART as more fully set forth herein;

2. Defendants' Motion for Protective Order from Plaintiff's Request for Additional Depositions [DE #52] is GRANTED IN PART and DENIED IN PART as more fully set forth herein;

3. Plaintiff's Motion to Compel (re: Plaintiff's Multiple Discovery Requests) [DE #73 and #110] is GRANTED IN PART, DENIED IN PART and DISMISSED AS MOOT IN PART as more fully set forth herein;

4. Plaintiff's Motion to Extend Discovery [DE #75] is GRANTED IN PART, DENIED IN PART and DISMISSED AS MOOT IN PART as more fully set forth herein;

5. Defendants' Motion for a Protective Order from Rule 30(b)(6) Depositions [DE #81] is DISMISSED AS MOOT as more fully set forth herein;

6. Plaintiff's Motion to Compel Defendant to Provide Better Responses to First Request for Admissions [DE #89] is DISMISSED AS MOOT;

7. Defendants' Motion to Extend Expert Disclosures and Subsequent Deadlines Pending Ruling on Pending Discovery Motions [DE #106] is GRANTED IN PART, DENIED IN PART and DISMISSED AS MOOT IN PART as more fully set forth herein;

8. The parties shall confer in person or by telephone and submit to the court, on or before January 5, 2015, a proposed amended Rule 26 discovery plan for the court's consideration;

9. Disclosure of any information concerning Farmers' net worth shall be subject to the protective order entered by the court on November 19, 2014 [DE #109];

10. Plaintiff's Motion to Amend/Correct its Motion to Compel [DE #110] is GRANTED and the motion filed therein is deemed filed; and

11. The clerk is DIRECTED to remove the images at DE #46 and #73 pursuant to the court's November 7, 2014, orders [DE #101, #102].

This 3rd day of December 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge